UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JENNIFER MARY JONES,**

      **Plaintiff,**

v.                                                                    Case No:   6:13-cv-520-Orl-22KRS

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff Jennifer Mary Jones' ("Plaintiff") Objection (Doc. No. 22) to the Magistrate Judge's Report and Recommendation ("R&R") issued on June 3, 2014 (Doc. No. 21). In this proceeding, the Court's sole task is to determine whether the Commissioner applied the proper legal standards and reached a decision that is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). After an independent *de novo* review of the record in this matter, the Court agrees entirely with the findings of fact and conclusions of law in the R&R.

Plaintiff's Objection is based on the Administrative Law Judge's ("ALJ") decision to accord little weight to the opinion of Marianne McCool, a treating nurse practitioner, with respect to Plaintiff's mental health. Plaintiff asserts that the ALJ disregarded the nurse practitioner's opinion solely because a nurse practitioner is not an "acceptable medical source," but that argument is inconsistent with the ALJ's written findings in the memorandum accompanying his decision. As the Magistrate Judge correctly noted, the applicable Social Security Administration guidelines state that an ALJ generally should explain the weight given to opinions from medical

sources that are not acceptable medical sources when such opinions may have an effect on the outcome of the case. SSR 06-03p, 2006 WL 2329939. Here, the ALJ initially stated that he gave little weight to McCool's opinion because she is not an acceptable medical source, but further explained that her opinion (documented in progress notes, (R. at 507-517, 519-521)), was unreliable because it "reflects only sporadic visits by the claimant," "fails to take into account the effect of the claimant's significant history of substance abuse," and "is inconsistent with the findings of the claimant's consultative examination and with the claimant's medical evidence of record as a whole." (R. at 22.) The presence of these findings makes it clear that the ALJ adequately explained the weight he afforded McCool's opinion, distinguishing this case from those cited by Plaintiff. *E.g., Reliford v. Barnhart*, 444 F. Supp. 2d 1182, 1188 (N.D. Ala. 2006).

Based on the foregoing, it is ordered as follows:

1. The Report and Recommendation (Doc. No. 21), filed June 3, 2014, is **ADOPTED and CONFIRMED** and is made a part of this Order.

2. Plaintiff Jennifer Mary Jones' Objection to the R&R (Doc. No. 22), filed June 16, 2014, is **OVERRULED**.

3. The final decision of the Commissioner is **AFFIRMED**.

4. The Clerk is directed to enter judgment in favor of the Commissioner, and to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 25, 2014.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties